IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **SUNBELT RENTALS, INC.,** § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:20-cv-658 |
| § | |
| **VERITAS FUNDING, LLC** § | JURY DEMANDED |
| **D/B/A VERITA,** § | |
| § | |
| Defendant. § | |

## COMPLAINT

Plaintiff, Sunbelt Rentals, Inc. ("Sunbelt") files this complaint against Veritas Funding, LLC dba Verita ("Veritas").

### Parties

1. Plaintiff Sunbelt is a corporation formed under the laws of North Carolina. Its principal place of business is in South Carolina.

2. Defendant Veritas is an LLC. Upon information and belief, its only member is a resident citizen of the State of Texas.

### Jurisdiction

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

### Venue

4. Venue is proper in this Court because the San Antonio Division of the Western District is "a judicial district in which any defendant resides." 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 124(d)(4).

**Facts**

5. Sunbelt rents equipment to its customers for use primarily in construction projects.

6. Veritas is a general contractor.

7. In 2019, Ruben Flores, Veritas' Chief Executive Officer, executed on Veritas behalf a Sunbelt online Credit Application (the "Application").

8. A copy of the Application is attached as Exhibit 1.

9. Sunbelt's approval of the Application established an open account through which Veritas could rent equipment from Sunbelt on credit.

10. The contractual terms ("Open Account Terms") that apply to the open account are attached as Exhibit 2.

11. During 2019, Sunbelt rented certain equipment (the "Equipment") to Veritas.

12. Veritas did not fully pay Sunbelt the rental charges for the Equipment.

13. Unpaid invoices (the "Invoices") reflecting the Equipment Veritas rented from Sunbelt and the associated rental fees are attached as Exhibit 3.

14. An account summary that includes all of the Invoices is attached as Exhibit 4.

15. Exhibit 4 reflects that as of April 2, 2020, the total unpaid principal amount of the Invoices was $302,068.53 (the "Principal Amount").

16. The Open Account Terms provide for a service charge that accrues at a rate of one and one-half percent (1.5%) per month on the balance of delinquent invoices until the invoices are fully paid.

17. The Open Account Terms provide that Sunbelt can recover from Veritas the reasonable attorneys' fees and costs it incurs to collect amounts Veritas owes Sunbelt.

18. Veritas has retained possession of some of the Equipment (the "Retained Equipment").

19. An accurate copy of the correspondence from Sunbelt to Veritas describing the Retained Equipment and demanding its return is attached as Exhibit 5.

20. The Open Account Terms incorporate all of the terms of Sunbelt's rental contract (the "Rental Contract") found on Sunbelt's website.

21. An accurate copy of the Rental Contract is attached as Exhibit 6.

22. Veritas also agreed to the terms of the Rental Contract when it accepted each piece of Equipment that was accompanied by a document from Sunbelt titled the "Rental Out" ticket.

23. Copies of some of Veritas' "Rental Out" tickets for the Equipment are attached as Exhibit 7. Though additional tickets exist, due to volume, Sunbelt has attached only a selection to be used as exemplars.

## Claim 1 – Breach of Contract

24. Sunbelt incorporates the previous allegations presented in this complaint.

25. The Open Account Terms, the Rental Contract and the Invoices constitute the contract between Sunbelt and Veritas.

26. Veritas breached that contract by not fully paying Sunbelt for its rental of the Equipment.

27. Veritas also breached its contract with Sunbelt by not returning the Retained Equipment.

28. Sunbelt suffered damages because of Veritas' breaches of contract.

### Claim 2 – Claim and Delivery

29. Sunbelt incorporates the previous allegations contained in this complaint.

30. Sunbelt is the owner of the Retained Equipment.

31. After Veritas breached its contract with Sunbelt, Veritas demanded the return of the Retained Equipment in accordance with the terms of its contract with Sunbelt.

32. Sunbelt is entitled to regain possession of the Equipment.

33. An Affidavit in further support of this claim is attached as Exhibit 8.

### Claim 3 – Conversion

34. Sunbelt incorporates the previous allegations contained in this complaint.

35. Sunbelt is the owner of the Retained Equipment.

36. Veritas has improperly retained possession of the Retained Equipment.

37. If the Retained Equipment has been lost, destroyed or damaged, Sunbelt alternatively is entitled to damages for conversion.

38. Veritas' refusal to return the Retained Equipment also entitles Sunbelt to recover punitive damages from Veritas.

### Claim 4 – Attorney's Fees

39. Sunbelt incorporates the previous allegations contained in this complaint.

40. As a result of defendant's breach of its agreement with Sunbelt, it became necessary for it to retain attorneys to litigate its claims. Accordingly, under the authority of Section 38.001, *et seq.*, Texas Civil Practice and Remedies Code and the contract at issue, Sunbelt is entitled to recover its reasonable attorney's fees, both in the trial of this cause and in connection with any subsequent appeal.

**Demand for Relief**

ACCORDINGLY, Sunbelt respectfully requests that the Court enter a judgment in Sunbelt's favor and against the defendants granting the following relief:

i. ordering that the Retained Equipment be returned to Sunbelt, and
ii. making Veritas liable to Sunbelt for the following:

- the Principal Amount,

- rental fees that accrue on the Retained Equipment from February 28, 2020, until a judgment is entered,

- service charges that have accrued and that will continue to accrue until the Principal Amount and subsequent rental fees are fully paid,

- all other damages Sunbelt has suffered,

- punitive damages,

- Sunbelt's reasonable and necessary attorneys' fees and costs,

- prejudgment interest,

- post-judgment interest, and

- any other relief that the Court deems appropriate.

Respectfully submitted,

/s/Jose M. Luzarraga
JOSE M. LUZARRAGA
State Bar No. 791149
**BUTLER SNOW, LLP**
5430 Lyndon B. Johnson Freeway, Suite 1200
Dallas, Texas  75240
Phone:  (469) 680-5500
Fax:     (469) 680-5501
jose.luzarraga@butlersnow.com

**COUNSEL FOR PLAINTIFF
SUNBELT RENTALS, INC.**

52942151.v1